## BROOKLYN WATCH-CASE CO. *v.* LEACH.[1]

### (*Circuit Court, E. D. New York.* April 16, 1888.)

FEDERAL COURTS—JURISDICTION—PATENTS FOR INVENTIONS—INJUNCTION.

On application for an injunction to prevent defendant from assigning a patent for a certain improvement in machinery, *held*, that if complainant's case were founded solely upon some contract or arrangement with defendant, it did not arise under the patent laws, and this court would have no jurisdiction. On the other hand, if his claim were based on Rev. St. U. S. § 4899, providing that the purchaser or licensee of a patentable device before the inventor applies for a patent, shall not be liable for infringement, then the court, while having jurisdiction, would refuse the application, because of no right being shown to the relief asked for.

In Equity. On application for preliminary injunction.

The bill of complaint alleged that defendant, an employe of complainants, had invented certain improvements in complainant's machinery, in adopting which complainant had been put to great expense; that defendant now intended to take out patents on such inventions, and enjoin complainant's use of them, and exact royalties, which, under his contract of employment with complainant, defendant was not entitled to exact; that

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

defendant was now about to assign a certain patent to some person unknown; and thereupon the bill asked for a release and discharge of complainant from the charge of alleged infringement, and an injunction to prevent defendant from disposing of his improvements, and from enforcing against complainant any or all of his letters patent now or hereafter to be taken out. This was a preliminary application for an injunction to prevent a transfer of a certain specified patent.

*G. G. Frelinghuysen*, for complainant.

*Morris & Pearsall*, for defendant.

LACOMBE, J. I find no papers submitted except the bill of complaint and briefs. From them it is not clear upon what application the questions now raised are before the court. The only point argued in the briefs is as to the jurisdiction of this court. That may more properly be determined upon a demurrer than by motion to dismiss, because the question as to whether there is equity in the bill may then be disposed of; a question which does not come up on a naked application to dismiss for lack of jurisdiction. If the complainant's case is founded solely upon some contract or arrangement with the defendant, then it does not arise under the patent laws, and this court has no jurisdiction. If, however, his sole claim is based upon the provisions of section 4899 of the Revised Statutes, then this court may have jurisdiction to entertain it, but may refuse the relief asked for, because complainant does not show any right, either to require defendant to execute a release, or to enjoin him from disposing of any patent he may receive without first notifying the purchasers of complainant's rights. The section above cited from the Revised Statutes affords the complainant absolute protection, and equity will not interpose to secure him additional securities, in the absence of any averments showing that he is harassed by threats of litigation or other interference with his rights.