GEORGE GROSSMAN, PLAINTIFF-RESPONDENT, v. MILTON BRICK AND FANNIE BRICK, DEFENDANTS-APPELLANTS.

Submitted May term, 1927—Decided November 25, 1927.

**Sale of Real Estate—Recovery of Deposit and Search Fees—Appeal From Court's Rule to Strike Out Defendants' Pleas and Counter-claim, and for Summary Judgment—Plaintiffs Alleged Defendants' Inability to Give Good Title—Plaintiff's Affidavits Not Contradicted by Defendants' Proofs—Counterclaim Being for Loss on Resale, Must Stand or Fall on Defendants' Inability to Carry Out Contract—Judgment Affirmed.**

On appeal from the Hudson County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellants, *Collins & Corbin.*

For the respondent, *Gross & Gross.*

PER CURIAM.

The defendants appeal from a judgment entered against them in the Court of Common Pleas of Hudson county on a motion to strike out defendants' pleas and counter-claim, and for summary judgment.

The case of the plaintiff was to recover a deposit of $1,000 and $400 search fees; the deposit having been made under an agreement of purchase of real estate on the Hudson Boulevard, and the search charges incurred in examining the title which turned out to be defective. The answer admitted the agreement and the payment of the deposit, but averred that the defendants were able and willing to convey in accordance with the terms of the agreement. The counter-claim was for a loss on a resale of the property and fraudulent representa-

tion by the plaintiff that the title to the property was defective, in consequence of which the defendants lost opportunity of sale at a more advantageous price.

The basis of the plaintiff's action was that the defendants were unable to give a good title to all of the land embraced in the contract, the proofs establishing that a strip of land six inches in width and seventy-five feet in depth embraced in the description of the property contracted to be sold had been conveyed in March, 1885, by the then owner to Victor and Charles Meyer, and that the Meyers conveyed to other persons, strangers to defendants' title.

Efforts appear to have been made by defendants' predecessors in title to acquire this strip from the owners, but these efforts came to naught because the deeds to this and either did not purport to convey the fee, or because the grantor was without power to convey. (See records produced and plaintiff's affidavits).

In this situation the court struck out the answer and gave summary judgment for the plaintiff for the sum of $1,440.50 and the costs of suit. The record presents no proofs in contradiction of the facts presented by the plaintiff's affidavits. From these latter it clearly appears that the defendants were unable to convey according to their agreement, and it follows that the plaintiff was entitled to recover the deposit money.

It is urged that the claim for the search fees was for unliquidated damages and that to this extent at least the judgment was wrongful. The inclusion of the $400 item is not specifically urged as ground of reversal, but, assuming that it is adequately presented, we think the contention is without merit. By section 57 of the Practice act of 1912, page 394, it is provided that "when an answer is filed in an action brought to recover a debt or liquidated damages arising (a) upon contract express or implied, or (c) upon a statute, the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend." "The reasonable ex-

penses of examining the title and making survey" are expressly allowed to a purchaser as against a vendor defaulting by reason of defect in title by section 1, act of 1915, page 316. We think the charges in the present case constitute liquidated damages within the meaning of the Practice act. *Sullivan* v. *Moffatt*, 68 *N. J. L.* 211; *Laura* v. *Pvncerelli*, 91 *Id.* 38; *affirmed*, 92 *Id.* 518.

We conceive that the order striking out the counter-claim as well as the answer was properly made. The counter-claim *must stand or fall on the defendants' ability to carry out their contract.* If, as has been shown, the record discloses that the defendants were unable by reason of a defect in their title to convey in accordance with the terms of their agreement with the plaintiff, obviously a counter-claim based upon the latter's refusal to take title cannot be sustained; likewise a claim for damages arising from the plaintiff's statements to would-be purchasers that the title was defective.

Lastly, we are urged to reverse the case on the ground that the defendant presented affidavits controverting those filed. on behalf of the plaintiff, and that in consequence an issue of fact was raised which could only be passed on by a jury. Unfortunately for this contention the record discloses no such situation. The order made by the court expressly recites the proofs offered by the plaintiff and states that no affidavits were filed on behalf of the defendants, nor other proofs submitted in their behalf. When later a motion was made to amend the rule for judgment by reciting the filing of affidavits the. motion was refused, the court, as would appear from the order recited in respondent's brief, reiterating that no such affidavits were presented.

Counsel for the appellants attempts to meet this situation by asking this court to consider under section 28 of the Practice act of 1912, page 382, certain alleged affidavits controverting some of the facts set forth by the plaintiff's proofs, the application being based on the affidavit of appellants' counsel that the defendants' affidavits were presented to the trial judge and ignored by him.

Counsel's affidavit was taken under a rule allowed by a justice of the Supreme Court in which it was ordered "that

the defendants-appellants have leave to take additional evidence by affidavit or depositions to be used on the argument of the appeal." The twenty-eighth section of the Practice act (*supra*) provides that "upon appeal the court in which the appeal shall be pending may in its discretion take additional evidence by affidavit or deposition or by reference; provided, that the error complained of is lack of some matter capable of proof by record or through incontrovertible evidence, defective certification or failure to lay the proper foundation of evidence which can, in fact, without involving some question for the jury, be shown to be competent."

It is quite apparent that the statute affords no ground for this application. Appellants' purpose is not to supply some matter capable of proof by additional and incontrovertible evidence, but it is to controvert the record as it appears under the hand of the judge. Surely the twenty-eighth section of the Practice act was not passed for any such purpose. Such a practice would result in amending the record without giving the judge upon whose certificate the record is verified an opportunity to be heard, and would be wholly subversive of the administration of justice.

For the reasons herein expressed the judgment will be affirmed.