VAILSBURG AMUSEMENT COMPANY, RESPONDENT, v. CRITERION INVESTMENT COMPANY, APPELLANT.

Argued January 20, 1932—Decided March 3, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Richard J. Fitzmaurice*.

For the respondent, *Saul & Joseph E. Cohn*.

The opinion of the court was delivered by

PARKER, J. On the original appeal, a judgment for plaintiff below was affirmed. 9 *N. J. Mis. R.* 951; 156 *Atl. Rep.* 114. Application is now made for leave to amend the state of the case used on the original appeal by submitting evidence for the first time in this court to show that, contrary to the intimation in the opinion, the relation of landlord and tenant between the parties had in fact terminated by a judgment in dispossession proceedings; and appellant urges that if this is made clear, this court would change the affirmance of the judgment below into a reversal.

Conceding that such an addition to the record on appeal is not warranted by anything in the common law, the appellant invokes section 28 of the Practice act of 1912 (*Pamph. L., p.* 382), the language of which is as follows:

"28. Upon appeal, or on application for a new trial, the court in which the appeal or application shall be pending may, in its discretion, take additional evidence by affidavit or deposition, or by reference; provided, that the error complained of is lack of proof of some matter capable of proof by record or other incontrovertible evidence, defective certification, or failure to lay the proper foundation for evidence which can, in fact, without involving some question for a jury, be shown to be competent."

The crux of this statute is to be found in the proviso. If the "error complained of" is "lack of proof" of some matter capable of ready and satisfactory proof and which if so proved will avoid a reversal on mere technical grounds and permit of an affirmance on the real merits, then the "error complained of" may be purged and the judgment affirmed. In other words, this statute is intended to avoid reversals on merely technical grounds because of some oversight in failing to prove some obvious fact at the trial. But it was never intended to open the door to reversal of a judgment by bring-

ing in any such additional matter. To put it in another way, the act is meant to cure certain apparent technical errors in aid of affirmance, and not to create errors in aid of a reversal. This is substantially the view of it taken by this court in *Grossman* v. *Brick,* 5 *N. J. Mis. R.* 1016; 139 *Atl. Rep.* 490, where the attempt was to controvert the certificate of the trial judge in aid of reversal.

The application is denied, with costs.