28 N.J. Super. 368 (1953)
100 A.2d 678
JAMES L. BALLURIO, PLAINTIFF-APPELLANT,
v.
ALBERT CASTELLINI, DIRECTOR OF STREETS, ROADS AND PUBLIC PROPERTY OF THE CITY OF VINELAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE CITY OF VINELAND, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1953.
Decided November 24, 1953.
*369 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Nathaniel Rogovoy argued the cause for the appellant (Messrs. Greenblatt & Greenblatt, attorneys).
Mr. Lawrence N. Park argued the cause for the respondents (Mr. D. Joseph Novaria, attorney).
The opinion of the court was delivered by FRANCIS, J.A.D.
In connection with the defense of the pending appeal in this matter, respondents have moved to supplement the record by including certain additional evidence which, it is claimed, will be dispositive of the matter.
An outline of the factual situation is necessary to a complete understanding of the problem.
On or about March 28, 1953 appellant was arrested on complaints charging him with criminal abortions. At that time and for what appears to be an aggregate of more than 20 years, he had been employed continuously in the public service, as an employee of Cumberland County, of the Borough *370 of Vineland, and, at the time of his apprehension, of the City of Vineland.
On March 30, 1953 he filed with the city clerk of Vineland a written request for retirement pursuant to R.S. 43:4-1. The request was predicated upon the assertion that he was an honorably discharged veteran of World War I, that he had been an employee of the county and municipality for more than 20 years continuously, and had reached the age of 62 years.
On April 2 appellant Ballurio was suspended by respondent Albert Castellini, the Director of Streets, Roads and Public Property, for a period of 30 days from March 31, 1953. The notice stated as the reason for the suspension:
"* * * You have been arrested and are being held for Grand Jury on the charge of committing the crime of abortion and, further, you are charged with conspiring to commit abortion and thereby your conduct is unbecoming an employee in the public service."
He was further informed that he was subject to removal in the absence of a satisfactory explanation or defense, and would be given a hearing on April 23, 1953.
Upon receipt of this notice, Ballurio served the same written request for pension retirement on Castellini, who had jurisdiction over the department in which he was employed. This service was made on April 8, 1953.
Thereafter the hearing on the suspension notice was held and on May 5 appellant was advised that his explanation of the alleged criminal offences was not satisfactory and therefore he was "suspended until the final determination of the criminal charges now pending against you in the Gloucester County Court."
However, prior to this hearing, on April 22 Ballurio filed a complaint in lieu of mandamus against respondents seeking a judgment directing the payment of his pension. The theory of the complaint is that all of the statutory prerequisites to the pension had been met, namely, age, length of service and veteran status. Therefore the contention is made that since the statute merely calls for 20 years of service, not 20 *371 years of honorable service, the director had no discretion in the matter; he was duty bound to grant the pension and his act in suspending Ballurio pending the disposition of the criminal accusations was illegal because the result thereof, no matter what it might be, could not affect the already vested right to retirement.
After taking some testimony in the action, the Law Division of this court concluded that the respondent director was justified under McFeely v. Board of Pension Commissioners, 1 N.J. 212 (1948), in withholding action on the pension demand pending the outcome of the criminal charges and that therefore the complaint was premature. Consequently, judgment was entered for the respondents.
As set forth, Ballurio's appeal from the judgment is pending and has not been listed for argument as yet. Respondent now moves for leave to file in this court the record of the criminal proceedings in Gloucester County, showing seven indictments, one against him alone and the other six against him and his alleged aiders and abetters, all charging an abortion committed prior to his first application for retirement; his pleas of not guilty to indictments No. 8 and No. 9 and his withdrawal of the plea of not guilty to indictment No. 8 on July 2, 1953, the entry of a plea of nolo contendere thereto, and finally the imposition of a sentence of three to five years in New Jersey State Prison and the suspension of the sentence upon condition that a fine of $2,000 be paid and that he be placed on probation for five years.
In his brief on this motion, appellant admits that his "change of plea and his sentence were entered by the Gloucester County Court a month after the trial of this cause," that is, the action which is now on appeal. However, he objects to the receipt of the record on three grounds: (1) the indictments were not put in evidence below, (2) the nolo contendere plea was subsequent to the trial, and (3) under his theory of the case the proffered proof is immaterial in any event.
As to the first objection, it seems to be conceded that the indictments were not introduced in evidence. However, the *372 notice of suspension containing the reasons therefor is in the record. Furthermore, the fact of the suspension and that the pending criminal charges were the reason therefor, were not disputed in the trial court. It is apparent also from the opinion which was filed on July 30 that the trial judge knew of the indictments because it recites that "up to the date of trial on June 2nd, the plaintiff had not been convicted nor had he entered a plea to the crimes with which he was indicted by the Gloucester County Grand Jury. * * *." It seems likely that the indictments were returned to him as the assignment judge of Gloucester County (R.R. 3:3-8), or perhaps he took judicial notice of them, the propriety of which we need not consider at this time.
With respect to the second objection, it is undisputed that the plea of nolo contendere was made after the hearing in the trial court in this proceeding had been concluded. However, the decision here was not rendered until 28 days thereafter; and it is somewhat difficult to understand on the record before us why an application was not made to reopen the hearing and to supplement the record by proof of the plea. If it had been done, the action would not have been dismissed as premature; a full and complete disposition on the basic merits would have resulted.
In any event, the real issue presented by the complaint in lieu of mandamus is whether or not appellant is entitled to a pension. Assuming that the conditions of age, length of service, and status as a veteran are established, the determination of that problem depends in the final analysis upon whether or not the plea of nolo contendere to the charge of abortion operates as a bar.
The record of the criminal proceedings is incontrovertible. If it is admitted in this court, it may be dispositive of the entire matter on the merits, Kravis v. Hock, 136 N.J.L. 161 (E. & A. 1947), although, obviously, that matter must be reserved for determination on the appeal.
The 1947 Constitution, Art. VI, § V, par. 3, confers on the Supreme Court and Appellate Division of the Superior Court "such original jurisdiction as may be necessary to the *373 complete determination of any cause on review." And this authority has been made the subject of a specific rule by the Supreme Court, R.R. 1:5-4.
Under the 1912 Practice Act (L. 1912, § 28, p. 382), an appellate court was permitted to receive additional evidence provided the error complained of was "lack of proof of some matter capable of proof by record or other incontrovertible evidence, defective certification, or failure to lay the proper foundation for evidence which can, in fact, without involving some question for a jury, be shown to be competent." In construing the act, the former Supreme Court declared that it was designed to cure technical errors in aid of affirmance of the judgment, but not to permit new evidence, however incontrovertible, for the purpose of bringing about a reversal. Vailsburg Amusement Co. v. Criterion, etc. Co., 108 N.J.L. 442 (Sup. Ct. 1932).
Although, in our judgment, the present constitutional provision was adopted to confer a broader power in non-jury cases to admit incontrovertible evidence in aid of the final disposition of the controversy between the parties, it is not necessary here to embark upon a discussion of the boundaries of the power. See, on the subject generally, 64 Harv. L. Rev. 652, 656; 56 Harv. L. Rev. 1313, 1319; 50 Harv. L. Rev. 1017, 1061, 1062. It is sufficient to declare that in the present situation the evidence sought to be introduced fits into the category contemplated by the Constitution and the revised rule.
Relevant language on the subject appears in Ridge v. Manker, 132 Fed. 599, 601 (8 Cir., 1904):
"An appellate court may avail itself of authentic evidence outside of the record before it of matters occurring since the decree of the trial court when such course is necessary to prevent a miscarriage of justice, to avoid a useless circuity of proceedings, to preserve a jurisdiction lawfully acquired, or to protect itself from imposition or further prosecution of litigation where the controversy between the parties has been settled, or for other reasons has ceased to exist."
It is interesting to note also that the court there had neither constitutional article nor rule of court to guide or control *374 the result. Cf. Schevenell v. Blackwood, 35 F.2d 421 (C.C.A. 8 Cir., 1929); Sewell v. Johnson, 165 Cal. 762, 134 P. 704, 706, 707 (1913), where evidence was received on appeal to accomplish a reversal; Robert v. Good, 36 N.Y. 408 (Ct. App. 1867).
Appellant's third objection seems to be predicated upon a contention that the conviction of crime does not affect his right to the pension. As already indicated, he argues that the controlling statute (N.J.S.A. 43:4-2) requires only 20 years of service and not 20 years of honorable service. But this issue is one for consideration on the appeal itself and cannot be disposed of at this stage of the proceedings.
Accordingly the motion is granted.