MORRIS MAY REALTY CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF, v. THE BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF MONMOUTH, A BODY POLITIC FUNCTIONING WITHIN SAID COUNTY AND STATE OF NEW JERSEY, AND JOSEPH C. IRWIN, VIC-TOR GROSSINGER, WALTER SHERMAN, ABRAHAM D. VOORHEES AND EARL WOOLLEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 8, 1954.

*Mr. Harry Green,* attorney for plaintiff.

*Messrs. Roberts, Pillsbury & Carton,* attorneys for defendants.

DREWEN, J. C. C. (temporarily assigned). Action was brought in this court to compel specific performance of an agreement affecting the possession and use of a parcel of realty, and also for money damages for alleged wrongful retention of the lands through the malicious abuse of public authority by the member defendants. Thus it appears that the cause in its origin was both equitable and legal. At the pretrial conference held October 11 it was made known by defendants' attorney that the defendant board had a few days previously taken such action for the condemnation of the lands in question that, upon return of an order to show cause issued by the Superior Court, Monmouth County, and then outstanding, commissioners for the condemnation would be appointed. Counter-reservations were thereupon made in the pretrial order pursuant to which plaintiff now moves that this court, notwithstanding defendants' attempted preemption of the equity feature in the manner stated, retain the present cause in its entirety, determine the value of the lands condemned, and adjudge and award the damages claimed; and defendants move, on the other hand, to dismiss the suit in this court for want of jurisdiction.

With the preclusion of specific performance by the proceedings to condemn, no equitable feature of the present case remains, only the counts for unliquidated damages. These motions are controlled, in my opinion, by the mutual accommodation of the law and equity jurisdictions promulgated by the 1947 Constitution, and by the decisions that expound such accommodation, insofar as these deal with the retaining of solely legal issues in the Chancery Court. In *Steiner v.*

*Stein,* 2 *N. J.* 367 (1949), there is language in the opinion of the Chief Justice of such emphasis and scope as unmistakably to include the present situation. In that case a counterclaim was filed for money damages and a jury trial demanded. The equitable issue having been disposed of, the Chancery Division transferred the action in its remaining aspect to the Law Division for the determination of the money issues by jury verdict. The order of transfer was reversed and the opinion of the court reads in part (2 *N. J.* at *page* 377):

"Were the trial Judge in whichever division he is sitting not to hear the entire case once he has assumed jurisdiction, all of the confusion and waste of judicial effort which the framers sought to eliminate would reappear."

And again (2 *N. J.* at *page* 378):

"Accordingly, where an action is brought which in the first instance is cognizable in the Chancery Division, it should be retained in that division irrespective of the fact that before or during the trial the equitable phases of the cause have been fully disposed of, leaving only purely legal issues remaining for determination."

I think this pronouncement cannot be read so as to permit the court of equity to yield any portion of its jurisdiction over the cause *in toto,* at this stage.

The defendant board urges its concern over what it appears to regard as the absence of any method of obtaining valid title to the subject lands except that of condemnation. I think no problem is thus presented. Complainant answers by calling attention to the parallel case of an equity court's judgment to convey title in any specific performance suit. But aside from that, the function of this court will be, as I see it, simply to determine and award the value of the land that is taken, order its conveyance by plaintiff, these steps being supplemental to that already had by defendant board in its exercise of eminent domain by the resolution to condemn.

Plaintiff's motion is granted. Defendants' motion to dismiss is denied.