52 N.J. Super. 143 (1958)
145 A.2d 49
ASSOCIATED METALS AND MINERALS CORP., A NEW YORK CORPORATION, PLAINTIFF,
v.
DIXON CHEMICAL & RESEARCH, INC., A NEW JERSEY CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
GLENS FALLS INSURANCE COMPANY, A NEW YORK CORPORATION, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided October 1, 1958.
*146 Messrs. Riker, Emery & Danzig (Mr. Theodore McC. Marsh appearing), attorneys for plaintiff.
Messrs. Shaw, Pindar, McElroy & Connell (Mr. Robert Shaw appearing), attorneys for defendant and third-party plaintiff.
Messrs. Budd, Larner & Kent (Mr. Samuel A. Larner appearing), attorneys for third-party defendant.
KOLOVSKY, J.S.C.
Plaintiff has moved, several months after joinder of issue and just prior to a scheduled pretrial conference, for leave to file both an amendment to the complaint and a supplemental complaint.
Defendant, although expressing no basic objection to the granting of the leave sought, contends that since the equitable phase of the case has become moot by reason of the circumstances hereinafter detailed, it is now entitled to demand a trial by jury; particularly if the complaint is amended and supplemented. Plaintiff disagrees.
At the time the complaint was filed, plaintiff and defendant occupied neighboring parcels of vacant land at Port Newark. Plaintiff used its land for the open storage and handling of steel, iron and other metal products. Defendant used its land for the storage and handling of sulphur, most of which arrived by ships which docked at nearby piers.
The complaint alleged that the sulphur was transported and piled in unprotected mounds so that sulphur powder and particles were blown upon plaintiff's land and by combination with oxygen and moisture from the air formed sulphurous acid which corroded the steel and other metal products which plaintiff stored there. In addition, it was alleged, the sulphur particles and powder prevented plaintiff's employees from performing their duties effectively.
*147 Charging that defendant threatened to continue the conduct complained of, alleged to constitute negligence, as well as the maintenance of a nuisance, the complaint, filed in the Chancery Division, demanded:
"* * * judgment against the defendant as follows:
"1. Restraining and enjoining defendant, its officers, agents and employees from creating or maintaining any unprotected mound or mounds of sulphur and sulphur powder on its leased premises at Port Newark, New Jersey, or permitting such sulphur powder to be blown about by air currents and deposited onto the property of the plaintiff as described in the complaint and from removing the same in uncovered or unprotected trucks or other conveyances and from otherwise continuing the nuisance described in the foregoing complaint.
"2. For damages in the amount of $500,000.00.
"3. For costs of suit."
Defendant's answer, the filing of a third-party complaint against its insurance carrier and an answer by the third-party defendant, and listing of the case for pretrial conference followed in due course. No demand for trial by jury (R.R. 4:39-1) was filed; both plaintiff and defendant agree that since the primary relief sought by the complaint was equitable, an injunction, there was no right to a jury trial on the incidental legal issue of money damages. Steiner v. Stein, 2 N.J. 367 (1949); Garrou v. Teaneck Tryon Co., 11 N.J. 294 (1953); cf. Walden v. Pines Lake Land Co., 126 N.J. Eq. 249 (E. & A. 1939).
But it now appears from concession of all counsel, although no affidavits accompany plaintiff's notice of motion (cf. Schnitzer & Wildstein, N.J. Rules Serv., A IV-411, 375), that equitable relief is no longer necessary nor appropriate. Some six months after the action was instituted, defendant vacated its premises at Port Newark; sulphur is no longer stored there and the alleged nuisance no longer exists. The prayer for an injunction has become moot and the only relief which plaintiff can obtain is a judgment for damages.
Were it not for the additional considerations arising from the proposed amendment and supplement to the complaint, the fact that equitable relief has become unnecessary or *148 inappropriate would not entitle defendant to either a transfer of the action to the Law Division nor a jury trial, for plaintiff's good faith in invoking equitable jurisdiction by the original complaint is not open to doubt. Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379 (E. & A. 1947); Steiner v. Stein, 2 N.J. 367 (1949); Fleischer v. James Drug Stores, 1 N.J. 139 (1948); Morris May Realty Corp. v. Bd., etc., County of Monmouth, 33 N.J. Super. 93 (Ch. Div. 1954), modified 18 N.J. 269 (1955).
As Mr. Justice Heher said in Mantell v. International Plastic Harmonica Corp., supra, 141 N.J. Eq. at page 393:
"Ordinarily, the jurisdiction of equity is tested by the facts existing at the inception of the suit; and if the complainant is then entitled to equitable relief, equity's jurisdiction to settle all the issues, even though purely legal in nature, and to award damages for the breach of a legal right involved in the suit, will not be defeated by subsequent events which render equitable relief impracticable or unnecessary or unsuitable. Rooney v. Weeks, 290 Mass. 18; 194 N.E. 666; Ricaby v. McCrory Stores Corp., 6 Cir., 35 F.2d 14. Pomeroy's Equity Jurisprudence, 5th Ed., section 237e; 30 C.J.S. Equity, §§ 67, 74, pp. 419, 430; 19 Am. Jur. 132. This must necessarily be so, for the rationale of the rule that an equitable feature draws the cause completely within the cognizance of equity is the policy of avoiding `a multiplicity of suits.' Pomeroy's Equity Jurisprudence, 5th Ed., sections 181, 243. For a more extended application of the rule, see cases cited in Buttinghausen v. Rappeport, 131 N.J. Eq. 252."
The federal cases are in accord (5 Moore's Federal Practice (2d ed.), paragraph 38.19(2)) in applying Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A., dealing with "Jury Trial of Right." It may be noted that Rules 38(b), (c) and (d) are prototypes of our present rules relating to demands for, and waiver of, jury trial (R.R. 4:39-1 to 3, as amended June 27, 1955).
On the other hand, if, because the equitable relief prayed has become moot, the complaint is amended to eliminate the prayer for equitable relief, leaving only the claim for damages, a right of jury trial arises and may be demanded. Bereslavsky v. Caffey, 161 F.2d 499 (2 Cir. 1947), certiorari *149 denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; Bereslavsky v. Kloeb, 162 F.2d 862 (6 Cir. 1947), certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393; Tynan v. RKO Pictures, Inc., 77 F. Supp. 238 (D.C.S.D.N.Y. 1947); Canister Co. v. Leahy, 191 F.2d 255 (3 Cir. 1951), certiorari denied 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. Although no New Jersey case appears to have considered the question, the principle of the cited federal cases is sound.
In Bereslavsky v. Kloeb, supra, plaintiff, alleging a patent infringement, filed a complaint seeking an injunction, an accounting of profits and damages. Before the case was tried, the patent expired; thereafter, with leave of the court, plaintiff amended his complaint to strike the prayers for equitable relief, leaving only the claim for money damages. In holding that he was entitled to a jury trial as a matter of right, Chief Judge Simons said:
"The contention that the plaintiff in his amended complaint states no new issue, may be true, but the amended complaint states a different cause of action. In the one case an equitable remedy is sought and damages are but incidental to the main prayer for relief. In the other damages constitute the sole ground for the action. It is our view that the petitioner could not have demanded a jury trial at the time of the original pleading because the suit was then exclusively in equity, even though a right to trial by jury might subsequently have arisen upon an adjudication of validity and infringement. For an application of the principle that one does not, by nonaction, waive a right when there is no basis for choice, and where the elements from which selection must be made and which alone give it meaning, have not yet come into existence, see Gentsch v. Goodyear Tire & Rubber Co., 6 Cir., 151 F.2d 997, 1000; Buckley, Inc., v. Com'r, 2 Cir., 158 F.2d 158."
Although in fact the alleged nuisance no longer exists and there is now no basis for equitable relief, the supplemental complaint which plaintiff asks leave to file alleges that the acts and the nuisance complained of still exist, that defendant refuses to abate the nuisance and continues and will continue to maintain it. The prayer of the supplemental complaint, which the notice of motion states is to be filed to permit recovery of damages sustained since the filing of the *150 original complaint (cf. R.R. 4:55-5), is for an injunction and damages of $1,000,000.
Similarly, the proposed amendments to the original complaint seeking to increase the ad damnum clause from $500,000 to $1,000,000 and to modify and elaborate the pleaded details of defendant's allegedly wrongful conduct, charge the existence of, and a threat to continue the alleged nuisance.
Plaintiff's application for leave to amend is governed by R.R. 4:15-1 which permits amendments to a complaint after issue is joined.
"only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."
and his application for leave to file a supplemental complaint by R.R. 4:15-4 which provides:
"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."
Both applications involve the exercise of the sound discretion of the court, even though permission to amend is to be "given freely when justice so requires."
That judicial discretion is to be exercised in light of the factual situation actually existing at the time the application is made. If, as is here admitted, no facts now exist authorizing injunctive relief, it would not be a proper exercise of that discretion to permit (a) the filing of a supplemental complaint containing allegations of threatened future injury and a prayer for injunctive relief, or (b) an amendment to the complaint restating the threats of future injury and continuing the prayer for injunctive relief.
Particularly is this true where, as here, if the allegations of the proposed amendment and supplement conformed to *151 the admitted facts, defendant would be entitled to assert his constitutional right to trial by jury. 31 Am. Jur., Jury, § 26, p. 34.
For plaintiff to proceed on its original complaint even though injunctive relief has become moot is one thing, but if plaintiff desires leave to file an amendment to the original complaint and a supplemental complaint, any leave granted should be conditioned upon the elimination of allegations which are contrary to the conceded facts, viz., threatened future injury, as well as deletion of the prayers for equitable relief. 71 C.J.S. Pleading § 306, p. 691.
If plaintiff will not accept those terms, the applications for leave to file the amended and supplemental complaint will be denied. If plaintiff, at or before the entry of the order on the present application indicates its assent to those terms, the requested leave will be granted. Defendant will then be entitled to demand a jury trial pursuant to R.R. 4:39-1. Bereslavsky v. Kloeb, supra.
The action will remain in the Chancery Division. No necessity is shown for its transfer to the Law Division.
An order may be settled on notice or by consent as to form.