NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2759-15T3

MERVIN ALLEN,

 Plaintiff-Appellant,

v.

HAGEN CONSTRUCTION/MBA
ENTERPRISES JOINT VENTURE
LLC,

 Defendants-Respondents,

and

RICH JACOBS, and L.F.
DRISCOLL COMPANY, LLC,

 Defendants.
_____________________________________________________

 Submitted October 12, 2017 – Decided November 29, 2017

 Before Judges Alvarez and Currier.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-8048-
 13.

 Eldridge Hawkins, attorney for appellant.

 Cohen Seglias Pallas Greenhall & Furman, PC,
 attorneys for respondents (Edward Seglias, of
 counsel; Allie J. Hallmark, on the brief).
PER CURIAM

 A Law Division judge on January 22, 2016, denied plaintiff

Mervin Allen's post-trial motion to amend the pleadings to name

additional defendants. The underlying proceeding, Allen's

successful claim under the New Jersey Law Against Discrimination

(LAD), N.J.S.A. 10:5-1 to -49, resulted in a $300,000 judgment.

We affirm.

 In her oral decision, the trial judge recalled that the

complaint, originally filed against Hagen Construction, Inc., was

subsequently amended before trial to name the current defendant,

"Hagen Construction/MBA Enterprises Joint Venture, L.L.C."1 She

opined that Allen had ample opportunity to address the issue before

trial and in fact did so.

 Allen's post-trial application sought to substitute as

defendants Hagen Construction, Inc. and Alfred Hagen personally.

The trial judge further opined that "the evidence adduced at trial

did not demonstrate that Hagen Construction, Inc., and Alfred

Hagen should have been named as defendants . . . ."

 The corporate defendant had filed an unopposed pre-trial

motion to amend the name of the corporate entity to "Hagen

1
 The jury rendered a no cause of action verdict against the other
defendant Richard Jacobs. The other named defendants were
dismissed prior to trial.

 2 A-2759-15T3
Construction/MBA Enterprises Joint Venture, L.L.C." Allen filed

a second amended complaint accordingly. That designation was

actually based on an error by defendant's counsel – the correct

corporate name was "MBA Enterprises/Hagen Construction L.L.C."

without the use of the phrase "joint venture." Regardless of the

omission, the corporate defendant was not Hagen Construction.

Alfred Hagen was never sued individually.

 During the trial, Allen's attorney told the jury that when

Allen was originally hired, he believed his employer was Hagen

Construction, but he later learned it was "Hagen Construction

Joint Venture, MBA, Joint Venture or something like that."

Additionally, the documentary evidence regarding the corporate

entities' subcontract on the government project at which Allen had

worked used the name "MBA Enterprises/Hagen Construction, L.L.C."

The steward's weekly reports, also introduced into evidence,

abbreviated the name to "Hagen Const., Inc., MBA Joint Venture"

or "Hagen Const." Allen's paychecks were issued by "Hagen

Construction, Inc., MBA Joint Venture[,]" while the corporate

entity's check register states "MBA/Hagen Construction, L.L.C."

The daughter of the deceased president of MBA testified at trial

that her father was a sixty percent owner of the joint venture,

created by decedent and Alfred Hagen.

 3 A-2759-15T3
 On the last day of trial, Allen's attorney showed the judge

a copy of the 2009 State of Pennsylvania corporate certificate

changing the corporate name from "Hagen Construction/MBA

Enterprises Joint Venture, L.L.C." to "MBA Enterprises, Hagen

Construction, L.L.C." Defendant's attorney argued that any

verdict found by the jury against the employer should reflect the

company's correct name. Accepting defendant's attorney's

representation, Allen's counsel informally requested this relief.

 The judge agreed to allow the amendment, however, she stated

that for purposes of closing argument and the verdict sheet, in

order to avoid confusion, the corporate entity would be referred

to as Hagen Corporation. More confusion was created by the fact

that the jury verdict sheet incorrectly stated defendant's name

was "Hagen Construction." The record contains no explanation for

the discrepancy, likely due to some clerical mistake. Thus,

although the verdict sheet referred to Hagen Construction, the

intended party was MBA Enterprises/Hagen Construction, LLC.

 Virtually simultaneous with the trial judge's denial of

Allen's post-judgment application to amend the named defendants

to Hagen Construction, Inc. and Alfred Hagen, the same motion was

inexplicably made before a different judge on an unopposed basis

and was granted. That judge later vacated the order noting that

it was "signed by mistake. Issue already decided."

 4 A-2759-15T3
 Allen now appeals, raising the following points for our

consideration:

 POINT ONE – THE TRIAL COURT ERRED AND ABUSED
 ITS DISCRETION BY NOT ALLOWING THE AMENDMENT
 OF THE ORIGINALLY NAMED DEFENDANT TO BE PLACED
 BACK INTO THE COMPLAINT AND BE SUBSTITUTED AS
 A PARTY AGAINST WHOM JUDGMENT MAY BE ENTERED,
 AS WELL AS MR[.] HAGEN, THE PRINCIPAL IN ALL
 OF THE ENTITIES AND THE SIGNATORY ON
 PLAINTIFF'S PAY CHECK

 POINT TWO – DEFENDANT MISLED BOTH THE COURT
 AND THE PLAINTIFF'S ATTORNEY IN ITS MOTION TO
 AMEND

 POINT THREE — DEFENDANT'S ADMISSION THAT THE
 LABELING OF DEFENDANT'S COMPANY AS A "JOINT
 VENTURE", WAS MISSLEADING [sic], ESTOPS
 DEFENDANTS FROM ESCAPING LIABILITY BECAUSE
 PLAINTIFF RELIED UPON SAME TO HIS DETRIMENT

 A trial court's decision to grant or deny a motion to amend

under Rule 4:9-3 is "best left to the sound discretion of the

trial court in light of the factual situation existing at the time

each motion is made." Fisher v. Yates, 270 N.J. Super. 458, 467

(App. Div. 1994) (citing Rule 4:9-1; Du-Wel Products v. U.S. Fire

Ins., 236 N.J. Super. 349, 364 (App. Div. 1989), certif. denied,

121 N.J. 617 (1990); Keller v. Pastuch, 94 N.J. Super. 499 (App.

Div. 1967)). "It is well settled that an exercise of that

discretion will be sustained where the trial court refuses to

permit new claims . . . to be added late in the litigation and at

a point at which the rights of other parties to a modicum of

 5 A-2759-15T3
expedition will be prejudicially affected." Du-Wel Products,

supra, 236 N.J. Super. at 364.

 The doctrine of invited error operates to bar a disappointed

litigant from challenging an adverse decision on appeal when that

party urged the trial court to adopt the proposition now alleged

to be error. N.J. Div. of Youth & Family Servs. v. M.C. III, 201

N.J. 328, 340 (2010); Donofry v. Autotote Sys., Inc., 350 N.J.

Super. 276, 296 (App. Div. 2001); Brett v. Great Am. Recreation,

144 N.J. 479, 503 (1996).

 This trial judge's decision to deny the post-judgment motion

was well within her sound discretion and was supported by the

record. The proofs at trial did not demonstrate that the employer

was Hagen Construction, Inc., and did not address Alfred Hagen's

liability. To suggest that a company other than the employer

should be substituted because of some unspecified connection

between the entities is unwarranted. To suggest an individual who

had an ownership interest in a corporation, but no other known

involvement in the wrongful conduct, should be liable for a

substantial judgment when the application is made post-trial, is

also unwarranted.

 The relation back doctrine requires a party to have had notice

of the litigation such that no prejudice ensues, and that he or

she knew or should have known that, but for a mistake in the

 6 A-2759-15T3
identity, the action would have been brought against him or her.

See R. 4:9-3. In this case, however, Hagen Construction, Inc. and

Alfred Hagen would be prejudiced. Hagen Construction, Inc. was

not the employer. Neither was Alfred Hagen. They had no

opportunity to defend themselves during the trial. Even if, for

the sake of argument, we assume defense counsel also represented

Hagen Construction, Inc., that fact alone is not a basis for a

post-trial amendment and a relation back.

 Allen's argument that Bussell v. DeWalt Products Corp., 259

N.J. Super. 499 (App. Div. 1992), supports his position is not

correct. In Bussell, many years prior to plaintiff's personal

injury, Black & Decker acquired DeWalt, Inc., the manufacturer of

the saw that caused plaintiff's injury. Id. at 508. Black &

Decker was involved in the litigation from the outset, and referred

the matter to its insurance carrier, who handled the defense.

Ibid. Black & Decker "was well aware that it actually was the

real party in interest from the outset . . . ." Id. at 570. Black

& Decker "clearly had notice and an opportunity to be heard."

Ibid. Allen has not even alleged facts that would establish some

improper corporate shell game intended to protect corporate assets

from a legitimate judgment.

 Furthermore, if we assume for the sake of argument that error

was committed by the court, it was invited by Allen himself. He

 7 A-2759-15T3
did not oppose the motion to amend the name of the corporate

defendant. Allen amended his complaint to reflect that name. The

last day of trial, when the issue arose, he specifically clarified

that the name of the correct corporate entity was MBA

Enterprises/Hagen Construction, LLC. Allen cannot now be heard

to complain about the action he requested the judge take in his

behalf. See M.C. III, supra, 201 N.J. at 340.

 Nor do we agree with Allen that he is entitled to relief

because the corporation misled either the court or Allen's attorney

by virtue of application of the doctrine of res ipsa loquitor.

That doctrine does not apply in this context. It is an evidentiary

exception to the basic proposition that negligence must be proved

and never presumed. The argument is so lacking in merit as to not

warrant further discussion in a written opinion. R.

2:11-3(e)(1)(E).

 Allen also contends that the status of the corporation as an

"L.L.C." is newly discovered evidence, which justified the

amendment. The record does not support this argument. Although

defendant's attorney readily acknowledges the mistake as to the

use of joint venture in the company name, the "L.L.C." designation

was included in the pre-trial motion to amend the corporate name.

 The proofs establish that the employer in the case was MBA

Enterprises/Hagen Construction, LLC. The proofs did not establish

 8 A-2759-15T3
either that Hagen Construction or Alfred Hagen was Allen's

employer. To allow the amendment would foist unwarranted liability

on an entity and individual against whom nothing was proven at

trial. Thus, the judge's decision denying the motion to amend

under Rule 4:9-3 was a reasonable exercise of discretion.

 Affirm.

 9 A-2759-15T3