J. SIDNEY ADAMS AND GLADYS TOWNSEND, APPEL-
LANTS, v. THE MAYOR AND ALDERMEN OF JERSEY
CITY, EDWARD SPOERER, SUPERINTENDENT OF
BUILDINGS OF JERSEY CITY; HARRY GOLDOWSKY
AND ANNA B. MALONE, RESPONDENTS.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellants, *Mark Townsend, Jr.* (*William E. Decker,* of counsel).

For the respondents, *Mark A. Sullivan.*

The opinion of the court was delivered by

DALY, J. This is an appeal from the judgment of the Supreme Court dismissing a writ of *certiorari* which had

brought before the court for review a resolution of the board of commissioners of Jersey City granting to the respondent, Harry Goldowsky, permission to erect a five-story brick elevator apartment house on the premises known as 168-172 Jewett avenue, Jersey City, together with the building permit issued by Edward J. Spoerer, superintendent of buildings of Jersey City.

The appellant Gladys Townsend owns and occupies the residence immediately adjoining the easterly side of the site of the proposed building, and the appellant J. Sidney Adams owns and occupies the residence directly across the street from this site.

1. The appellants contend that the respondent Goldowsky was not the owner of the apartment house site and does not have such an interest therein as would entitle him to erect the proposed building. It is admitted that the respondent Anna B. Malone held the legal title to the premises and Goldowsky held only a contract of purchase from Mrs. Malone. The appellants to support this contention cite two cases: *Malone* v. *Mayor and Aldermen of Jersey City (Supreme Court)*, 7 *N. J. Mis. R.* 955; *Krieger* v. *Scott (Supreme Court)*, 4 *Id.* 942. But these cases were proceedings in *mandamus* to force a municipality to grant a permit to one other than the owner, and the decisions on the two cases hold that before this can be done the applicant must show that he is entitled to a permit to erect a building upon the land of another by showing that he has a present right to erect such a building on that land. This is a contention that could be made in this case by Mrs. Malone. The appellants here have no such interest as justifies them in raising the contention; and Mrs. Malone has joined as a respondent with Goldowsky in defending the resolution and permit attacked by the appellants.

2. As to the contention that the action of the city commission of Jersey City in granting the permit was improper because the petition therefor was defective, an examination of the application shows a substantial compliance with the requirements of the building code. There were no such

defects as were not waived by granting the permit.  43 *C. J.* 259, § 263.

3. Application for the permit was made three times: The first time it was withdrawn; the second time it was refused and the third time it was granted. After the refusal, Anna B. Malone, the owner, and Goldowsky, the applicant, joined in *mandamus* proceedings to compel the city to grant the permit.  J. Sidney Adams and Gladys Townsend, now the appellants in this cause, were permitted to intervene and file briefs.  After the writ was argued, but before it was decided, the city commissioners granted the permit.  In other words they did what Mrs. Malone and Goldowsky were asking the Supreme Court to compel them to do, and the fact that they did this before the time the court might compel them to do so was not acting injuriously to any rights of the present appellants, and this is true even though it proved that according to the situation which then existed the city could not have been forced to grant Goldowsky's application.

4. It is asserted by the appellants that the city commissioners acted improperly in granting the permit in that notice was not given to surrounding property owners of the intention of the commissioners to reconsider their previous action.  For a number of years it had been the practice to give notice of the hearing on application for a building permit such as this to the property owners in the immediate neighborhood, and this was done by having the city clerk notify the commissioner of police as to the time and place of hearing; the commissioner notified the police captain of the vicinity of the property and he designated one of his men to go around the neighborhood and orally notify all the residents and property owners and make written report of those he had seen and notified.  If any resident or property owner was out of town the fact was reported, and, apparently, no further effort to reach him with notice was made.  Notices of the first two meetings were given to the neighboring property owners, including the appellants, in the way explained.  At these meetings the merits of the application

were quite fully discussed. No notice was given of the third meeting at which the application was reconsidered and the resolution of permission adopted. The appellants contend that because of the failure to give them notice to be heard at the meeting at which the resolution was adopted, the action in granting the permission was arbitrary; that they were entitled to be heard at this consideration or reconsideration of the application; and that they had a right to notice because of the fact that notices were received by them as to the two preceding meetings, and because of the fact that it long had been the practice to give notice to the neighboring property owners so that they could be heard at such meetings. There probably would be merit to this contention if there were a statute or ordinance requiring notice to the adjacent property owners but there is no such legal requirement. It is not asserted that if Mrs. Malone had been the applicant she would not have been entitled to demand a building permit. At that time there was no zoning ordinance, building code or any law which prevented her from erecting on her premises the kind of a building described in the application. There was evidence showing that the neighborhood was changing in the character of its structures and that she could get more for her land to be used for the erection of an apartment house than she could if it were used for the erection thereon of an ordinary dwelling. Further, between the time the permit was refused and the time the application was reconsidered a five-story brick elevator apartment house had been erected on the premises immediately in the rear of the Malone property. All these facts were known to the mayor and commissioners of Jersey City and their action in authorizing the building permit was in no sense unfair or arbitrary. It is indeed true that Goldowsky and not Mrs. Malone was the applicant but it must be remembered that at the time of granting the permission Mrs. Malone, the owner, was endeavoring through *mandamus* proceedings to compel the city to give Goldowsky the permit, and when the commissioners

did grant it they, from all the facts and circumstances, had the right to believe they were doing that which Mrs. Malone, the owner, wanted them to do. The cases cited (*supra*) do not pass upon the question whether a building permit cannot be granted to one who is about to become the owner of the premises or who is about to become entitled to the right to build on the land of another, those decisions decided only the question of whether the municipality can be compelled to do so.

The Supreme Court, after hearing, rendered judgment, without the filing of an opinion, and because of this all the reasons advanced by appellants for a reversal have been considered. It may very well be that an opinion was not filed by that court because of their judgment that the appellants had no such right or interest as entitled them to prosecute the writ. The appellants in this case as owners of properties adjacent to the premises upon which the permit allowing the erection of the building proposed in this case have no right or interest which is specially and injuriously affected so as to allow them to prosecute a writ of *certiorari* testing the validity of such permit. *Tallon* v. *Hoboken,* 60 *N. J. L.* 212; *Levy* v. *Mravlag,* 96 *Id.* 367; *Reimer* v. *Dallas, Mayor, et al.,* 129 *Atl. Rep.* 390; *Songar Realty Corp.* v. *Axford, &c.,* 5 *N. J. Mis. R.* 220; *Margolis* v. *Maplewood Township et al., Ibid.* 131; *affirmed,* 104 *N. J. L.* 177.

The dismissal of the writ by the Supreme Court is affirmed.

*For reversal*—None.