83 N.J. Super. 185 (1964)
199 A.2d 82
RICHARD V. MULLIGAN, ET AL., PLAINTIFFS,
v.
THE CITY OF NEW BRUNSWICK, A MUNICIPAL CORPORATION OF THE COUNTY OF MIDDLESEX AND STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 19, 1964.
*186 Mr. Edward Sachar for plaintiffs (Messrs. Sachar, Sachar & Bernstein, attorneys).
Mr. Meyer J. Cohn for defendant (Mr. Joseph J. Takacs, attorney).
HALPERN, A.J.S.C.
This is the return day of plaintiffs' motion for summary judgment. Plaintiffs are residents and taxpayers of the City of New Brunswick who, on September 17, 1963, brought this action in lieu of prerogative writs challenging the validity of a new comprehensive zoning ordinance of the City of New Brunswick adopted on August 6, 1963. The plaintiffs contend the entire ordinance is invalid because prior to its adoption the governing body did not submit *187 it to the existing city planning board, as required by N.J.S.A. 40:55-33 and 40:55-1.8. Defendant city contends there is no legal requirement to refer the proposal to the planning board for consideration, and argues that it complied with the spirit of the law when a "Mayor's Advisory Committee" was created in December 1959 to assist in the preparation of the new ordinance.
The pertinent undisputed facts may be briefly stated. In 1946 the defendant adopted a comprehensive zoning ordinance and thereafter appointed a planning board in accordance with the then existing statutes. In June 1954 the governing body adopted a city planning board ordinance pursuant to the new Municipal Planning Act of 1953. It continued the planning board then in existence. The 1954 ordinance specifically empowered the planning board to serve as the "Zoning Commission"; it ordained that the board would consist of nine members, divided into four classes; it gave the board broad power to plan for "the development of the City and its environs which will, in accordance with present and future needs, best promote health, safety, morals, order, convenience, prosperity and general welfare as well as efficiency and economy in the process of development and the maintenance of property values previously established." The board was authorized to investigate, make maps, reports and recommendations. The mayor was authorized to appoint a citizens advisory committee to assist or collaborate with the planning board, but such committee to have no power to vote or take any other action required of the planning board. The board was "designated as the official agency to prepare, adopt and to administer a master plan for the city of New Brunswick."
In December 1959, despite the existence of a duly constituted planning board, the mayor appointed a citizens advisory committee to consider completely rezoning and replanning the City of New Brunswick. This committee consisted of two members of the existing planning board, the secretary of the board of adjustment, a member of the parking authority, the planning director of the city, and the city attorney. This *188 committee held more than 70 meetings over a space of 3 1/2 years. It held five public hearings between August 16 and September 25, 1962. It met with various city agencies, including the planning board. In January 1963 it submitted a draft of a new zoning ordinance to the governing body.
On June 18, 1963 the city passed on first reading its new comprehensive zoning ordinance, and on August 6, 1963 it was adopted on final hearing and duly published. This new ordinance, before its adoption, was never referred to the planning board; as an official body, the planning board never gave consideration to the proposed ordinance, it never held hearings thereon, and it never made any report or recommendations to the governing body.
The issue on this motion for summary judgment is a narrow one. Assuming all the foregoing facts to be true, and assuming further that the citizens advisory committee competently performed its assigned task, is the ordinance of August 1963 valid even though the planning board was by-passed?
I approach my decision fully aware that a motion for summary judgment is granted with much caution; where facts are disputed it should not be granted; all doubts are resolved against the moving party; and it is granted only if the pleadings and proofs show palpably that there is no genuine issue as to any material fact. By these standards this case is ripe for decision.
A brief legislative history of the creation of planning boards will be an aid to an understanding of this decision. In 1928 the concept of zoning was introduced in New Jersey. The Legislature empowered the municipalities in the State to adopt ordinances looking to their orderly growth and development. An integral part of the legislative plan was that a designated public body give consideration to any proposal to zone a community, hold hearings and make recommendations to the governing body. R.S. 40:55-33 passed in 1928 authorized municipalities to appoint such bodies and called them "zoning commissions." In 1948 this law was amended, and *189 for our purpose the change made permitted the public body to be known as a "zoning commission" or a "planning board." In 1953 the Legislature adopted the present comprehensive Municipal Planning Act. N.J.S.A. 40:55-1.1 et seq. This new act repealed the provisions of the earlier law, namely R.S. 40:55-1 to 40:55-21, inclusive. The new act was designed to support and supplement the existing zoning statutes  obviously the zoning and planning statutes complement each other and are in pari materia. This new act gave even broader powers to municipalities and planning boards. It permitted municipalities to continue with their existing zoning ordinances and provided for the continuance of existing planning boards. N.J.S.A. 40:55-1.3 and 40:55-1.27. The provisions of N.J.S.A. 40:55-1.8 eliminated the former zoning commission and provided:
"Wherever there is a planning board, such board shall have the additional authority and duty of acting as the zoning commission under article three of chapter fifty-five of Title 40 of the Revised Statutes."
I reiterate at this point that New Brunswick had a planning board in 1953, which was continued by the ordinance adopted in June 1954 and was in existence in December 1959 when the advisory committee was appointed.
Under N.J.S.A. 40:55-33, before the adoption of any new zoning ordinance a municipality is required to refer the matter to the planning board. The board must make a preliminary report, hold hearings thereon, and submit a final report to the governing body. Section 33 provides further that until the final report is received, no public hearings shall be held by the governing body nor any proposed zoning ordinance adopted. Section 33 excepts an amendment or repeal of a zoning ordinance from the above requirements.
This zoning concept of referral to an existing planning board is carried over to N.J.S.A. 40:55-35, which makes provision for amendments, changes, modifications, or repeals of zoning ordinances. This statutory referral requirement is *190 mandatory, and a failure to comply therewith vitiates any proposed change, Hasbrouck Heights Hosp. Assn. v. Borough of Hasbrouck Heights, 15 N.J. 447 (1954); Abel v. Elizabeth Board of Works, 63 N.J. Super. 500 (App. Div. 1960), although it is not mandatory that the planning board consider the exact ordinance itself. Abel and Chrinko v. South Brunswick Tp. Planning Board, 77 N.J. Super. 594, 607 (Law Div. 1963). While no prior case has passed directly on the question of whether the referral requirement of section 33 is mandatory or merely directory, the explicit terms of this section indicate the former. See Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166 (1954). A comparison of the 1953 Planning Act, N.J.S.A. 40:55-1.8, with the 1930 Planning Act, R.S. 40:55-6 (now repealed), wherein the former substituted the word "shall" for the word "may" in the latter, once again clearly sets forth the legislative intent that a referral must be made to the planning board. In considering the validity of a zoning ordinance amendment which rezoned an area from residential to commercial, the court in Borough of Leonia v. Borough of Fort Lee, 56 N.J. Super. 135, 144 (App. Div. 1959), said:
"* * * a zoning ordinance is the solemn legislative act of a municipality acting through its governing body, and directly or indirectly affecting all residents and taxpayers in the community. It can be enacted only after introduction, submission to and report by the planning board, public hearing, and a formal vote of adoption, accompanied by the necessary publications. N.J.S.A. 40:55-30, 33, 34."
Professor Cunningham in his article, "Control of Land Use in New Jersey," 15 Rutgers L. Rev. 1, 45-46 (1960), has effectively stated the policy behind the procedure established by section 33:
"The close relation between planning, subdivision control and zoning is, of course, obvious. * * * Participation of the planning board in the formulation of both the zoning and subdivision regulations is calculated to insure considerable conformity between them, and with the master plan or any portion thereof which the planning board may have completed." *191 Clearly, the Legislature wanted a continuing body (the planning board) to be familiar with the municipality's zoning and planning goals, and to be consulted before any changes are made. If it is mandatory to refer changes to the planning board then, a fortiori, a new comprehensive ordinance should be so referred.
If the words of a statute are affirmative and absolute, and show that no discretion was intended to be given those delegated the task of making the statute operate, then the words of the statute must be given effect peremptorily. Only when construing a statute where an ambiguity exists, or a literal interpretation may lead to absurd results, may there be resort to the principle that the spirit of the law controls the letter. Giordano v. City Commission of City of Newark, 2 N.J. 585, 594 (1949). Presently the court is faced with neither an ambiguous statute nor a statute which creates absurdities; moreover, the letter amplifies the spirit. See Cunningham, "The Control of Land Use in New Jersey," supra.
To permit this ordinance to stand would be putting a stamp of approval on a municipality's disregard of a clear and unambiguous legislative mandate and thus usurp the function of the Legislature. Municipalities are created by the State, and have only such powers as are delegated to them by the Legislature. Wagner v. Mayor and Municipal Council of City of Newark, 24 N.J. 467 (1957).
I have no alternative but to declare the 1963 ordinance of the City of New Brunswick invalid.
Counsel will present an appropriate order.