111 N.J. Super. 67 (1970)
267 A.2d 73
HERBERT E. KENT, ET AL., PLAINTIFFS-APPELLANTS,
v.
THE BOROUGH OF MENDHAM, ETC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1970.
Decided July 9, 1970.
*70 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Edward Sachar argued the cause for appellants (Messrs. Sachar, Sachar & Bernstein, attorneys; Mr. Norman Schulaner, on the brief).
Mr. Thomas L. Morrissey argued the cause for respondents (Messrs. Carpenter, Bennett & Morrissey, attorneys; Mr. Robert E Turtz, on the brief).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs appeal from the dismissal of and denial of their motion to amend their complaint challenging certain zoning ordinances of the Borough of Mendham (hereafter the borough).
The borough is a residential community located some seven miles west of Morristown and bisected by State Highway Route 24. Situated in a hilly rural area, it is surrounded on three sides by the Township of Mendham (hereafter the township). Except for a new shopping center on Main Street *71 (Route 24) near the borough's eastern boundary, businesses serving local needs and small industrial uses are centrally located, principally in a two-block area bordering Main Street near its junction with Hilltop Road and Mountain Avenue.
In February 1965 the borough council enacted ordinance 2-65 which divided it into five residental zones, a business zone and an office building and research laboratories (OB-RL) zone. The latter zone included two distinct areas, one (area A) in the southwesterly section of the borough, consisting of an approximate rectangle bounded by the borough line on the west, the Morris County-Somerset County line on the south, Bliss Road on the east and Pleasant Valley Road on the north. Permitted uses within the OB-RL zone were office buildings for executive or administrative purposes and scientific engineering and research laboratories and their accessory uses. The ordinance prescribed a minimum lot area for this section of the OB-RL zone of 25 acres, a minimum floor area for buildings of 20,000 square feet, and stipulated that there should be no more than ten employees per acre and at least one off-street parking space for each two persons employed. A height limitation of 45 feet was placed on structures and they were required to be set back 300 feet from the public street. All site development plans were to be submitted to the borough's planning board for review prior to the issuance of building permits.
The second area (area B) included within the OB-RL zone, composed of 130 acres, was located in the northeast corner of the borough, west of Pitney Road and north of East Main Street. In this section the minimum lot area was fixed at ten acres and the maximum number of employees permitted at 15 per acre. A strip of land abutting the B area on its northerly border was rezoned from residence A, requiring a minimum lot size of three acres, to residence B, which required a one acre minimum. In December 1965 ordinance 12-65 was enacted amending ordinance 2-65 to authorize nursing homes as an additional use in the OB-RL zone.
*72 Mountainside Road constitutes the northerly boundary of the borough and most of the plaintiffs, some of whom reside in the borough and some in the township, have homes on either Mountainside Road or Pitney Road. The latter with its extension constitutes the easterly boundary of the borough. None of them resides in the OB-RL zone.
On June 6, 1966, pursuant to a recommendation contained in the master plan adopted by the borough's planning board on November 9, 1965, a comprehensive restatement of the borough's then existing zoning ordinances was enacted as ordinance 9-66. In the new ordinance the OB-RL zone was separated into two zones, the "25 acre OB-RL zone" and the "10 acre OB-RL zone." Later, in June 1966, to cure an inadvertent omission, ordinance 9-66 was amended by ordinance 11-66 to permit nursing homes within the ten-acre OB-RL zone.
On December 22, 1967 plaintiffs instituted the present action challenging ordinances 2-65, 12-65, 9-66 and 11-66 as arbitrary, unreasonable, not in accordance with a comprehensive zoning plan and not in furtherance of the objectives of zoning. They further alleged, as to ordinances 12-65, 9-66 and 11-66, that notice of the hearings thereon had not been given, pursuant to N.J.S.A. 40:55-53, to the clerk of the township, which extended to within 200 feet of the rezoned land. The absence of such notice was conceded by the borough.
On February 5, 1968, while the suit was pending, the borough adopted ordinance 1-68 which, plaintiffs concede, reiterated the provisions of ordinances 9-66 and 11-66. Thereafter defendants moved for summary judgment, and plaintiffs moved to supplement their complaint to include a challenge to the newly enacted ordinance. The court granted both the motion to amend to add an additional count and the motion for summary judgment as to the first four counts of the complaint. To the extent here relevant, it found that the action had not been instituted within 45 days as required by R.R. 4:88-15(a) and declined to disregard *73 the limitation or enlarge the time, as authorized by R.R. 4:88-15(c), finding that no substantial constitutional issue was involved. It went on to state that the failure to give notice of the hearings with reference to ordinances 12-65, 9-66 and 11-66 to the clerk of the township amounted to a procedural, rather than a jurisdictional defect. A subsequent motion for summary judgment as to the amended complaint challenging ordinance 1-68 was denied, the court stating that "In the event [the] later ordinance [1-68] is voided, the court feels that the earlier ordinance[s] would stand," and "until there is a determination of the validity or invalidity of ordinance 1-68, there is no way of knowing which ordinance is to be controlling."
On December 27, 1968 the borough adopted ordinance 10-68 which provided that "(1) Ordinance 1-68 be and the same hereby is repealed without in any way impairing the effectiveness of Ordinances 2-65, 12-65, 9-66 and 11-66, which Ordinances have been, are and shall continue to be in full force and effect." When it was determined that that ordinance had not been properly enacted, ordinance 3-69, to the same effect, was adopted on March 3, 1969. It recited that ordinance 1-68 had been enacted "to remove a claim of alleged procedural defects in the adoption of ordinances 2-65, 12-65, 9-66 and 11-66." Defendants thereafter moved to dismiss plaintiff's challenge to ordinance 1-68 as moot in view of ordinance 3-69, and plaintiffs moved to supplement their complaint to add a count challenging the continuing validity of ordinances 2-65, 12-65, 4-66 and 11-66, and seeking a declaration that the borough was without a zoning ordinance. The motion to dismiss was granted and the motion to file a supplemental complaint was denied, the court holding, in effect, that ordinance 3-69 had not effected a repeal of all prior zoning ordinances, and that ordinances 9-66 and 11-66, as they codified ordinances 2-65 and 12-65, continued in effect.
Plaintiffs' appeal is from the dismissal of their complaint and all antecedent interlocutory orders. They raise two *74 points: (1) the denial of their motion to amend to challenge the four zoning ordinances, 265, 12-65, 9-66 and 11-66, "as effected by the enactment of ordinance 3-69," was error, and (2) dismissal of the counts of their original complaint challenging those ordinances was likewise error. We consider them in inverse order.
Plaintiffs argue that (1) the invalidity of the prior ordinances, 2-65, 12-65, 9-66 and 11-66, was a continuing one; hence it was not subject to the limitations of R.R. 4:88-15 (now R. 4:69-6); (2) if the enactment of ordinance 3-69 effected a reinstatement of the prior ordinances, R.R. 4:88-15 did not bar their challenge thereto, and (3) if they were not within time, substantial constitutional questions were involved which required that the time be enlarged, as authorized by R.R. 4:88-15(c) (now R. 4:69-6(c)). Defendants urge that the validity of the four prior ordinances was properly upheld on the merits and that in any event plaintiffs' delay in challenging them was fatal. We find plaintiffs' contentions to be without merit.
Initially we note that ordinance 2-65, which originally created the OB-RL zone, was enacted in February 1965, at a time when there was no statutory obligation to give notice of the hearing thereon to the clerk of the Township of Mendham. Ordinance 12-65 did no more than add to the uses permitted in the OB-RL zone. Ordinance 9-66, in addition to dividing the former OB-RL zone as two separate OB-RL zones, reenacted the zoning ordinances already in effect. Ordinance 11-66 merely added to the uses permitted in said zone. Thus, unless ordinance 2-65 has been validly repealed, it would remain in effect notwithstanding any invalidity in the amendatory ordinances under attack.
We are convinced that the delay in seeking review of the prior ordinances was fatal, and that the issues involved did not mandate a disregard of the time limitation fixed by R.R. 4:88-15, or its enlargement. For this reason we need not consider whether the affidavits filed revealed the absence of any factual dispute as to the allegations of the *75 complaint, thereby justifying the granting of summary judgment, or whether the court properly proceeded to dispose of the case on the merits in advance of trial.
We find no merit to plaintiffs' contention that the invalidity of the four ordinances was a continuing one and thus the present action was not subject to the limitation of R.R. 4:88-15. Regardless of the degree of invalidity charged, a direct review of the council's action by a proceeding in lieu of prerogative writs was subject to the limitation provided in the rule. Marini v. Wanaque, 37 N.J. Super. 32 (App. Div. 1955). See also Schultze v. Wilson, 54 N.J. Super. 309, 321 (App. Div. 1959), certif. den. 29 N.J. 511 (1959). We find Meyers v. Mayor, etc., East Paterson, 37 N.J. Super. 122 (App. Div. 1955), on which plaintiffs rely, to be inapposite. There we were dealing with a salary increase; the action had been brought within 30 (now 45) days of the payment of an installment of salary at the increased rate, and we held that the ordinance and payments made pursuant thereto were to be regarded as several successive illegal or unlawful acts, each remediable through a proceeding in lieu of prerogative writ. (At 128). There the ordinance would have been valid as to any other occupant of the office, and the challenge to the increase in pay granted Gemba was premised upon his disentitlement to the increased salary because of a prior increase which he had received during his term, in violation of N.J.S.A. 40:46-23. Here the issue was whether the council had properly exercised its zoning powers. That exercise took the form of the ordinances under review. The status of property in the newly created zone was fixed by these ordinances, and the public, as distinguished from an official who was being illegally paid an enhanced salary, was entitled to rely thereon in the absence of a timely challenge thereto. To apply the doctrine of Meyers here would be not only to do violence to the spirit of zoning, but to greatly impede the enforcement of zoning regulations. We likewise find Jones v. MacDonald, 33 N.J. 132 (1960), *76 Weinstein v. Newark, 100 N.J. Super. 199 (Law Div. 1968), and State v. Kressler, 50 N.J. Super. 362 (Cty. Ct. 1958), to be inapposite.
Plaintiffs' argument that if adoption of ordinance 3-69 (repealing ordinance 1-68) effected a reinstatement of the prior ordinances, they thereby became entitled to challenge the prior ordinances notwithstanding R.R. 4:88-15, is without substance. They cite no case in which it has been held that upon a finding of invalidity of a repealing ordinance, the ordinance sought to be repealed thereby becomes subject to challenge as though it had been newly enacted. We find the rationale expressed in Lettieri v. State Board of Medical Examiners, 24 N.J. 199, 206 (1957), cited by plaintiffs, to be inapplicable here. At the time summary judgment was granted, ordinance 1-68 had been enacted but its validity was under attack by plaintiffs. If its invalidity was upheld, or if  as occurred here  it was repealed before that contingency occurred, the prior ordinances continued in effect. Wallace v. Bradshaw, 54 N.J.L. 175 (E. & A. 1891); Texas Co. v. Dickinson, 79 N.J.L. 292, 295 (Sup. Ct. 1910).
Exceptions to the time limitations imposed upon the in-lieu procedure should be but exceptionally condoned, and only in the most persuasive circumstances. Robbins v. Jersey City, 23 N.J. 229, 238 (1957). Subsection (c) permits the enlargement of the period of time prescribed by R.R. 4:88-15 when it is manifest that the interests of justice so require. Cases involving substantial constitutional issues have been held to qualify for relaxation of the rule. See Schack v. Trimble, 28 N.J. 40 (1958); Oldfield v. Stoeco Homes, Inc., 26 N.J. 246 (1956); McKenna v. N.J. Highway Authority, 19 N.J. 270 (1955); Catalano v. Pemberton Tp. Bd. of Adjustment, 60 N.J. Super. 82 (App. Div. 1960). While we recognize plaintiffs' standing to maintain the present suit, see Mulligan v. New Brunswick, 83 N.J. Super. 185 (Law Div. 1964), we are in agreement that, as to them, no substantial constitutional issues *77 were presented. We look to their complaint in order to determine that issue. Its main thrust was directed to the allegedly illegal designation of an area of the township as an OB-RL zone. As to ordinance 2-65, by virtue of which the area in question was first placed in that zone, plaintiffs charged only that it was not in accordance with a comprehensive zone plan or in furtherance of the objectives of zoning as set forth in N.J.S.A. 40:55-32, "to the detriment of the municipality as a whole." This presented no more than the usual taxpayer's challenge, pro bono publico, to the reasonableness of the council's exercise of the discretion vested in it by the zoning statutes.
While constitutional due process and equal protection ordain that the authority vested in the municipality in zoning matters shall not go beyond the public need, or impress unnecessary and excessive restrictions upon the use of private property or the pursuit of useful activities, Katobimar Realty Co. v. Webster, 20 N.J. 114, 122-23 (1955), here plaintiffs did not allege the taking of any property of theirs, or any excessive restrictions upon its use. Actually, they did not allege that they were property owners within the OB-RL zone, or that the establishment of the zone had affected their property in any way. We conclude that, after almost three years, as against the rights sought to be vindicated by plaintiffs' complaint, the borough, particularly that portion of its inhabitants within the OB-RL zones created by ordinance 2-65, was entitled to repose.
What we have said concerning ordinance 2-65 also applies to ordinances 12-65, 9-66 and 11-66, which were challenged in the second, third and fourth counts, respectively, of the complaint. With respect to the admitted absence of notice[1] to the clerk of the township of the hearing *78 which preceded the adoption of each of them, we hold that the defect was procedural rather than jurisdictional. While the word "shall" is used in the statute, it appears clear that the power of the municipality to enact the ordinances in question did not depend upon the giving of the requisite notice. The statute requiring such notice, L. 1965, c. 162, did not become effective until July 22, 1965, many years after the enactment of N.J.S.A. 40:55-34, which prescribed the procedure for passage of zoning ordinances. In the Revised Statutes N.J.S.A. 40:55-53 comprises Article 5 (zoning is Article 3) and is found under the heading of "PLANNING." Its application is not confined to zoning matters. Further, assuming, arguendo, that the giving of such notice was a prerequisite to the validity of the ordinance, the township, which could have complained of the lack of notice, is not a plaintiff. See Schultze v. Wilson, supra, 54 N.J. Super. at 325; Adams v. Jersey City, 107 N.J.L. 149, 150 (E. & A. 1930).
We hold that in the absence of a timely challenge, the failure to give notice to the township clerk afforded no ground for setting aside ordinances 12-65, 9-66 and 11-66. Public policy forbids an attack upon irregularities in the procedure which led to the adoption of ordinances where, as here, they have been accepted as valid enactments for a long period and property owners affected by them have fixed their status accordingly. West Essex Bldg., &c., Ass'n v. Caldwell, 112 N.J.L. 466 (Sup. Ct. 1934), aff'd 113 N.J.L. 398 (E. & A. 1934); see also Struyk v. Samuel Braen's Sons, 17 N.J. Super. 1, 9 (App. Div. 1951), aff'd N.J. 294 (1952); Benequit v. Monmouth Beach, 125 N.J.L. 65 (Sup. Ct. 1940). We find Mulligan v. New Brunswick, supra, cited by plaintiffs, to be inapposite in that there the procedural defect consisted of failure to first refer the new zoning ordinance to the planning board, *79 a failure which violated the overall legislative policy which required planning board action as a prerequisite to the enactment of a zoning ordinance. N.J.S.A. 40:55-33; Mulligan, supra, at 189-191. Catalano v. Pemberton Tp. Bd. of Adjustment, supra, was an action involving plaintiff's private rights based upon the failure to observe the fundamental statutory provisions applicable to the enactment of ordinances. In Weinstein v. Newark, supra, plaintiff challenged the ordinance in vindication of his right to traverse the city streets free of illegal prohibitions. In each case, had the plaintiff chosen to violate the ordinance and risk prosecution, the ordinance would have been open to collateral attack in defense of plaintiff's private rights. Not so here.
We accordingly hold plaintiffs' challenge to the dismissal of counts one, two, three and four of the complaint to be without merit.

II
By their remaining point plaintiffs challenge the denial of their motion, made subsequent to the enactment of ordinance 3-69, to amend their complaint "to challenge the zoning ordinance * * * as affected by the enactment of ordinance 3-69." They argue that ordinance 1-68 repealed the prior zoning ordinances and, upon its repeal in turn, the borough was left without any zoning ordinances whatsoever.
Where justice requires it, pleadings may be amended or supplemented. R.R. 4:15-1, R.R. 4:15-4 (now R. 4:9-1, R. 4:9-4). Applications to supplement or amend pleadings are addressed to the sound discretion of the court. Associated Metals, etc., Corp. v. Dixon, etc., Inc., 52 N.J. Super. 143, 150-151 (Ch. Div. 1958); Keller v. Pastuch, 94 N.J. Super. 499, 502 (App. Div. 1967). Our rules of procedure relevant to amendments and supplements to pleadings embody the norm of promoting the efficient use of the courts and avoiding the delays and wasteful expense of multiple suits with the same object in view. Falcone v. Middlesex County Med. Soc., 47 N.J. 92 (1966); Ajamian v. *80 Schlanger, 14 N.J. 483, 486-87 (1954), cert. den. 348 U.S. 835 (1954). The rule permitting amendment is circumscribed, however, by the salutary qualification that the court's jurisdiction is not to be invoked in the absence of a justiciable controversy. N.J. Turnpike Authority v. Parsons, 3 N.J. 235, 240 (1949); Moss Estate, Inc. v. Metal and Thermit Corp., 73 N.J. Super. 56, 65 (Ch. Div. 1962).
As noted, the original establishment of the OB-RL zone and the rezoning of a small area immediately to the north of it as "one acre residential" took place in February 1965, while the hearing on plaintiffs' motion to amend and defendants' motion for summary judgment took place on March 14, 1969, over four years later. In lieu of permitting the amendment and thus sanctioning further delay, the court below elected to dispose of the issues posed by the proposed supplemental complaint. It concluded that the prior ordinances were still in effect; ordinance 1-68 was not intended to effect their repeal, but had been enacted for the purpose of rectifying the procedural defect on which plaintiffs were relying, i.e., failure to give the statutory notice to the Mendham Township clerk. It concluded, among other things, that "there was no intention to leave the Borough of Mendham without a zoning ordinance" and "the intent of the legislative body of the Borough of Mendham was not to leave this municipality without any zoning ordinance. I think their intent was very express, and they intended that the three prior ordinances exist and be effective."
We hold that denial of the motion to amend was not a mistaken exercise of the court's discretion and, in any event, plaintiffs were not prejudiced by it since the ruling they were seeking, e.g., whether there was a valid and subsisting zoning ordinance in the borough, was a legal one, which the court disposed of by its ruling on the motion.
Plaintiffs urge and defendants deny that ordinance 1-68 worked a repeal of all prior zoning ordinances. Although it provided that "all ordinances or parts of ordinances inconsistent herewith are hereby repealed to the extent of such *81 inconsistency," there was no express repeal of prior ordinances. We find it unnecessary to determine the issue. If ordinance 1-68 failed to expressly or impliedly repeal the prior zoning ordinances beginning with ordinance 2-65, they continued in full force and effect. If, conversely, there was a repeal, whether express or by implication, by reason of the enactment of ordinance 1-68, its subsequent repeal by ordinance 3-69 worked a reinstatement of the prior zoning ordinances so that the borough was not left without a zoning ordinance. Wallace v. Bradshaw, supra, 54 N.J.L. at 176-77.
It is clear from a reading of ordinance 1-68 that it did no more than reenact the provisions of the prior zoning ordinances. It is likewise clear from a reading of the subsequent ordinances repealing it that it was enacted for the sole purpose of curing procedural defects in the adoption of three of the prior ordinances. It was under attack almost from its inception. Whether it contained a provision expressly repealing prior ordinances, or would have repealed them by operation of law, see Loboda v. Clark Tp., 40 N.J. 424, 434-35 (1963); Henninger v. Bd. of Chosen Freeholders, Bergen County, 3 N.J. 68, 71 (1949); Dept. of Labor v. Cruz, 45 N.J. 372, 380 (1965); State v. States, 44 N.J. 285, 291 (1965), upon its being set aside by reason of procedural defects in its enactment (as was charged in the first supplemental complaint), the prior ordinances would have continued in effect. The same result followed its repeal while it was still under attack.
For the reasons aforesaid, the interlocutory judgment of the Law Division dimissing counts one, two, three and four of the complaint, and the final judgment dismissing the complaint, as supplemented, and denying plaintiffs' application to amend, are affirmed.
NOTES
[1] While no formal written notice was given to the township clerk, it was established by affidavit, and uncontradicted, that notices of the public hearings concerning these ordinances were published in the Mendham Observer-Tribune which circulates generally throughout the township, and that prior to the enactment of ordinance 2-65 borough officials had met with the officials of the township concerning establishment of the proposed OB-RL zone.